This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITIMORTGAGE, INC.,**

Plaintiff-Appellee,

v.                                                                              **No. 34,748**

**AMADOR VARELA,**

Defendant-Appellant,

and

**TAXATION and REVENUE DEPARTMENT of the STATE OF NEW MEXICO, and PORTFOLIO RECOVERY ASSOCIATES, LLC,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Mackie Huling, District Judge**

Aldridge Pite, LLP
Denise A. Snyder
Albuquerque, NM

Eddie R. Jimenez
San Diego,CA

for Appellee

JRSPC, LLC
Joshua R. Simms
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1} Defendant Amador Varela (Varela) appeals from the district court's order denying Varela's motion to vacate sale and declare judgment void for lack of jurisdiction. [RP 171, 174] In this Court's notice of proposed disposition, we proposed to conclude that the district court did not lack jurisdiction to adjudicate the case or to enter default judgment against Varela and that, as such, the district court did not err in denying Varela's motion to vacate sale and declare the default judgment void for lack of jurisdiction. Plaintiff filed a memorandum in support (MIS), and Varela filed a timely memorandum in opposition (MIO) to the notice of proposed disposition. We have given due consideration to the memoranda, and, remaining unpersuaded by Varela's arguments in opposition to our proposed disposition, we affirm the district court.

{2} In his memorandum in opposition, Varela agrees with, concedes, or simply does not dispute much of what this Court proposed in its notice of proposed disposition. [*Compare* MIO 2–5, *with* CN 1–14] Instead, Varela essentially argues that MERS did

2

not have the authority to assign the mortgage because MERS does not have an interest in the note and that, even if MERS did have such authority, MERS' assignee is an agent without a principal, so Plaintiff cannot enforce the mortgage. [MIO 3–5] This is a variation on Varela's prior argument that the district court lacked jurisdiction to adjudicate the case. [*See* DS 3]

**{3}** Varela contends that, because MERS does not have an interest in the note itself, it lacks authority to assign rights to enforce the mortgage. [MIO 3–4] However, both our Supreme Court and this Court have already expressly ruled that MERS, as nominee for a lender, can assign the mortgage on behalf of such lender. *See Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 35, 320 P.3d 1 (stating that "[a]s a nominee for [the original lender] on the mortgage contract, MERS could assign the mortgage"); *Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 17, 356 P.3d 1102 (reiterating that "where MERS' role was that of a nominee for [the l]ender and [the l]ender's successors and assigns, MERS could assign the mortgage" (alterations, internal quotation marks, and citation omitted)). Thus, MERS need not have an "interest in the note" in order to act as nominee for the original lender and have the authority to assign the mortgage. *See Romero*, 2014-NMSC-007, ¶ 35 (stating that, although MERS had the authority to assign the mortgage, it did not follow that MERS could transfer the

note); *Licha*, 2015-NMCA-086, ¶ 17 (same). As discussed more fully in our notice of proposed disposition, in the present case, the mortgage was assigned by the original lender [*see* RP 12–13], by and through its attorney-in-fact, to MERS, nominee for Plaintiff. [RP 32] The mortgage was then assigned by MERS, nominee for Plaintiff, to Plaintiff. [RP 33] As MERS was nominee for Plaintiff, these assignments of mortgage are permissible. *See Romero*, 2014-NMSC-007, ¶ 35; *Licha*, 2015-NMCA-086, ¶ 17.

**{4}** Varela nevertheless argues that, because MERS is an agent to its principal, the holder of the debt, then any assignment from MERS would only assign agency authority to the assignee. [*See* MIO 4–5] First, this is a misstatement of the law asserted in *Romero* and *Licha*. Neither our Supreme Court nor this Court concluded that an assignment of mortgage by MERS as nominee for a lender only assigns authority to the assignee as an agent or even nominee of a lender. *See Romero*, 2014-NMSC-007, ¶ 35; *Licha*, 2015-NMCA-086, ¶ 17.

**{5}** Second, this is a misstatement of the facts in the present case. MERS is not identified in any loan documents as agent for anyone or even as nominee for a to-be-named lender. [*See* RP 32–33] Rather, MERS is identified specifically as nominee *"for CitiMortgage[(,)] Inc."* [Id. (emphasis added)] Indeed, MERS is not identified

as the nominee for whoever happens to be the bearer of the note at any given time, but specifically for Plaintiff. Thus, the question is whether MERS, as nominee for *Plaintiff*, was authorized to assume and assign the mortgage on behalf of *Plaintiff*, which, we have already explained, it is. *See Romero*, 2014-NMSC-007, ¶ 35; *Licha*, 2015-NMCA-086, ¶ 17.

{6}     To the extent Varela maintains that MERS has the status of agent of an unnamed lender simply because the note has become a bearer instrument by being indorsed in blank [MIO 4–5], we are unpersuaded. Varela has cited no authority that indicates that MERS' status as nominee for a lender is altered to that of agent of the bearer of a note indorsed in blank upon such indorsement, so we assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{7}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

5

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**